IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KATHRYN ISRAEL,

      Plaintiff,

v.                                                  No. CV 10-0737 MCA/ACT

NATIONAL RAILROAD PASSENGER CORP.;
REPRESENTATIVE: MR. JOSEPH H. BOARDMAN,
CHAIRMAN OF THE BOARD; CALVIN GIBSON,
DIRECTOR OF CIVIL RIGHTS OFFICE,

      Defendants.

**MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT**

**THIS MATTER** comes before the Court on pro se Plaintiff Kathryn Israel's Motion to Proceed *in forma pauperis* ("IFP"), filed August 6, 2010 (Doc. 2), and on the Court's concomitant obligation "to review the affidavit and screen her case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Screening the case under § 1915(e) includes determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312.

In screening the complaint, the Court resolves the issue whether it states a claim on which relief may be granted by applying the same standards used in resolving motions to dismiss for failure to state a claim brought under FED. R. CIV. P. 12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). This means that the Court must

> look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' factual allegations in a complaint must be enough to raise a right to relief above the speculative level. In addition, [the Court] must construe a pro se [] complaint liberally.

*Id.* at 1218 (internal quotation marks, original brackets, and citations omitted). But "[t]he broad reading of the [pro se] plaintiff's complaint does not relieve the plaintiff of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

> [T]he [pro se] plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint. Nevertheless, conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Id.* (citations omitted). As the Supreme Court noted in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and the more recent case of *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937 (2009), courts must carefully scrutinize a plaintiff's complaint to determine if an actionable claim is asserted. In *Twombly*, the Court noted that the pleading standard of FED. R. CIV. P. 8 does not require "detailed factual allegations," 550 U.S. at 555, but the Rule demands more than an unadorned "defendant-unlawfully-harmed-me" account, *Iqbal*, 129 S. Ct. at 1949. The Supreme Court warned against pleadings that offer "labels and conclusions" or "a formulaic recitation of the elements of the cause of action . . . ." These, the Court stated, "will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557. Thus, "to state a claim in federal court, a complaint must explain what each defendant did to

2

...

him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

In screening the Complaint, the Court will accept as true Israel's allegations and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Israel. *See Kay*, 500 F.3d. at 1217. But the Court "will not supply additional facts, [or] construct a legal theory for [a] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Israel appears to meet the indigency requirement. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (stating that an individual desiring to proceed without prepaying filing fees or costs must establish that she "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life"). But because the Court concludes that Israel's Complaint must be dismissed for failure to state a cognizable federal claim as discussed below, the Court will not grant permission to proceed IFP.

Israel has filed this action under the Americans with Disabilities Act of 1990 ("ADA") against the National Railroad Passenger Corporation ("AMTRAK"), Joseph H. Boardmen, who is the Chairman of its Board of Directors, and Calvin Gibson, who is the Director of the Federal

Railroad Commission's Civil Rights Office[1]. *See* Complaint at 2-3. Her suit arises from her attempt to travel on AMTRAK with her cat.

Israel, who states she has "invisible" and undescribed mental and physical disabilities, *id.* at 3, contends that AMTRAK discriminated against her on the basis of that disability in Spokane, Washington on August 10, 2008. Israel states that she told "reservation agents" that she has "physical limitations" and "needed assistance getting on and off the train and getting to and from the station rest area." *Id.* at 2. She states that she told the reservation agent that she was "traveling with a service animal, a cat." *Id.* An unidentified AMTRAK supervisor inquired into what services Israel's cat allegedly performed to assist Israel and denied Israel the right to travel with the cat on the train after concluding that the cat was not a service animal as defined by the ADA because service animals perform "a physical task." *Id.* Israel states that she filed a complaint with the Justice Department, which was forwarded to Gibson. *Id.* at 3. There are no other allegations regarding Gibson or Boardman. Israel is suing for $8500 plus costs. *See id.* at 7.

---

[1] Although Israel filed her Complaint using a form complaint for actions brought under 42 U.S.C. § 1983 and alleges jurisdiction only under 28 U.S.C. § 1343(3), she specifically states that neither Boardman nor Gibson were acting under color of state law. *See* Complaint at 3. Israel has, therefore, failed to state facts sufficient to allege subject-matter jurisdiction under § 1983 and § 1343. *See Monks v. Hetherington*, 573 F.2d 1164, 1167 (10th Cir. 1978) ("There is no demonstration of state action and, therefore, no basis for civil rights jurisdiction [under § 1343] in the case at bar."); *Mehdipour v. Matthews*, No. 10-6073, 2010 WL 2748802, *5 n. 3 (10th Cir. July 13, 2010) (noting that "a plaintiff's failure to properly allege a 'state action' in a § 1983 complaint strips the district court of subject matter jurisdiction only if jurisdiction is alleged under 28 U.S.C. § 1343(3)"); *Elliot v. Chrysler Fin.*, No. 05-2073, 149 F. App'x 766, 768, 2005 WL 2114181, **1 (10th Cir. Sept. 2, 2005) (holding, in case where jurisdiction was alleged only under § 1983 and § 1343, that "the state action requirement is an element of [plaintiff's] cause of action as well as a jurisdictional prerequisite").

Israel has failed to state a claim of any type against Gibson or Boardman because there are no allegations to "plausibly support a legal claim for relief" against either of them.  *See Kay*, 500 F.3d at 1218.  And she has failed to state a cognizable claim under the ADA against AMTRAK.  Israel's Complaint fails to provide any allegations showing what type of assistance her cat allegedly provides that would benefit "an individual with a disability" of the "invisible" type she allegedly has.  Thus, there are no allegations to support her conclusory allegation that her cat is a "service animal" as defined by the ADA.  Further, Israel's ADA claim also fails because she seeks only monetary damages.  Monetary damages are not available in a private suit under Title III of the ADA.  *See Lewis v. Burger King,* No. 09-2160, 344 Fed. App'x 470, 471-72, 2009 WL 2837441, **1-**3 (10th Cir. Sept. 4, 2009) (noting that, because plaintiff had "failed to identify the particular assistance [her dog] provided her, and [] was improperly seeking monetary damages," which the plaintiff could possibly cure by filing an amended complaint, the district court should have dismissed the case without prejudice under § 1915(e)(2)), *cert. denied*, 130 S. Ct. 1083, 78 USLW 3393 (Jan 11, 2010); *Goodwin v. C.N.J., Inc.*, 436 F.3d 44, 50 (1st Cir. 2006) (citing cases from the Second, Third, Sixth, Eleventh, and D.C. Circuits, and noting that "[t]his unbroken skein of cases makes manifest that money damages are not an option for private parties suing under Title III of the ADA"); *Powell v. Nat'l Bd. of Med. Examiners*, 364 F.3d 79, 86 (2d Cir. 2004) ("Monetary relief [] is not available to private individuals under Title III of the ADA. 42 U.S.C. § 12188(a)(1) (same remedies available under Title III of ADA as under Title II of Civil Rights Act of 1964). . . . . *See Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968) (only injunctive relief available as remedy for violation of Title II of Civil Rights Act of 1964)").

The Court concludes that Israel's Complaint fails to state a cognizable federal claim and must be dismissed under § 1915(e)(2)(B)(ii).  *See Trujillo v. Williams*, 465 F.3d 1210, 1217 n.5 (10th

Cir. 2006) (noting that dismissals under § 1915(e)(2)(A) & (B) are mandatory).  Accordingly, her motion to proceed IFP must be denied.

**IT IS ORDERED THAT** Israel's motion to proceed IFP [Doc. 2] is DENIED and that her Complaint is dismissed without prejudice.

**DATED** this 15th day of September, 2010 in Albuquerque, New Mexico.

    **M. CHRISTINA ARMIJO**
    United States District Judge